**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| DUANE EARL FANNING, III (AIS # 263799) | * * * | |
| Plaintiff, | * * | |
| vs. | * * | CIVIL ACTION 13-0539-CG-C |
| COI J. BULLARD, | * * | |
| Defendant. | * | |
| DUANE EARL FANNING, III (AIS # 263799) | * * * | |
| Plaintiff, | * * | |
| vs. | * * | CIVIL ACTION 13-0540-CG-C |
| COI ERIC MCCASKIL, | * | * |
| Defendant. | * | |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se*, commenced these actions by filing complaints under 42 U.S.C. § 1983 (Docs. 1), along with motions to proceed without prepayment of fees and costs (Docs. 2). Fanning's motions have been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful consideration of the pleadings on record, it is recommended that Fanning's motions be denied and that these actions be dismissed without prejudice prior to service of process as malicious. 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B)(i).

**I. BACKGROUND AND PROCEDURAL HISTORY**

Mr. Fanning's actions became public record on or about November 1, 2013, when he filed the two civil rights complaints under 42 U.S.C. § 1983 along with motions to proceed *in forma pauperis*. Plaintiff has not paid a filing fee and the review process required by 28 U.S.C. § 1915A is ongoing in order to determine if the complaints are frivolous, malicious, or fail to state a claim upon which relief may be granted.

**II. ANALYSIS**

**A. Legal Standards**

The federal statutes authorizing incarcerated plaintiffs leave to file complaints as paupers provide for dismissal of such complaints if they are found to be malicious. See 28 U.S.C. § 1915(e)(2)(B)(i)("Notwithstanding any filing fee, or any portion thereof that may have been paid, the court ***shall*** dismiss the case at any time if the court determines that-- … the action … is frivolous or malicious; … .") (emphasis added) and 28 U.S.C. §§ 1915A(b)(1) ("On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- … is frivolous, malicious… .")

> An action is deemed malicious under §1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury. Such a misrepresentation "constitutes abuse of the judicial process warranting dismissal of the case without prejudice." *Thompson v. Quinn*, No. 3:11cv533/RV/EMT, 2012 U.S. Dist. LEXIS 183282, * 1, 2012 WL 6761569, at *1 (N.D. Fla. December 4, 2012) (unpublished) (collecting cases), *adopted*, 2013 U.S. Dist. LEXIS 700, 2013 WL 45259 (N.D. Fla. Jan. 2, 2013); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (upholding a 1915(g) strike in an action where an inmate was dismissed for abusing the legal process because he lied under penalty of perjury about a prior lawsuit); *Harris v. Warden Hardee CI*, 498 Fed. App'x 962 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action for an abuse of process where the inmate failed to disclose his litigation history in his original and amended complaints even though the form complaint described the type of cases he was bound to disclose);

*Jackson v. Florida Dep't of Corr.*, 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of inmate's action as malicious because he abused the judicial process when under penalty of perjury he represented in his complaint that he had not had an action dismissed prior to service process, whereas he had two, one of which was contained in the complaint but not in the section inquiring about such cases), *cert. denied*, 133 S. Ct. 2050, 185 L. Ed. 2d 890 (Apr. 29, 2013); *Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment, regardless of his response that he did not understand the form); *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his argument that he did not remember filing any civil actions and his records were inaccessible); *Young v. Secretary Fla. Dep't of Corr.*, 380 F. App'x 939, 940 (11th Cir. 2010) (unpublished) (affirming the sua sponte dismissal of the inmate's action pursuant § 1915(e)(2)(B)(i) for an abuse of process when he did not disclose his prior lawsuits in spite of his argument that he no longer has access to the documents so he could answer fully due to the rule regarding "excess legal material"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (affirming the dismissal of an inmate's § 1983 action for an abuse of process because he responded with "no" to the complaint form's question asking whether he has brought any other lawsuits dealing with facts other than those in his action because he had in fact brought other lawsuits and the question was not ambiguous; "the district court was correct to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

*Fanning v. Jones*, No. 13:11cv541/KD/B, (S.D. Ala. December 5, 2013) (unpublished), *adopted*, 2014 WL 31796, *1 (S.D. Ala. Jan. 6, 2014).

After a review of Fanning's litigation history and taking judicial notice of public court records kept by all three district courts in Alabama, it is clear that Fanning has failed to disclose, in either case, his inmate litigation history. As was found by Judges DuBose and Bivins in *Fanning v. Jones, supra,* the cases that he filed prior to November 1, 2013 are: *Fanning v. Voyles*, Case No. 12-3684-CLS-

JEO (N. D. Ala. October 23, 2012), *Fanning v. Johnson*, Case No. 13-1957-VEH-HGD (N. D. Ala. October 23, 2013), *Fanning v. Cunningham*, Case No. 13-1988-SLB-HGD (N.D. Ala. October 29, 2013), and *Fanning v. Howard*, Case No. 13-537-CG-N (S. D. Ala. October 31, 2013).

When a prisoner plaintiff misrepresents the extent of his prior litigation history on court-provided complaint forms requiring the disclosure of such history under penalty of perjury, the filing of the forms is considered an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915(e)(2)(B)(i). *Rivera v. Allin*, 144 F.3d at 731 (finding an action that had been dismissed for abusing the legal process because an inmate lied under penalty of perjury about a prior lawsuit to be malicious), and *Fanning v. Jones, supra.*

Under the circumstances of the cases before this Court, dismissals without prejudice will be reviewable only for abuse of discretion. *Harris*, 2012 WL 5907451, at *1 ("First, we are unpersuaded by Harris's claim that, given his *pro se* status, the district court abused its discretion in dismissing his complaint as a sanction without allowing him 'to correct' his failure to disclose his prior litigation history."), *citing Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir.1983) (dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). "Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit." *Jackson,* 491 F. App'x 129 at 132, *citing Kotzen v. Levine*, 678 F.2d 140, 140 (11th Cir.1982).

B. Application of the Law to the Facts of this Case

As required in this Court, plaintiff signed the two court-provided complaints under penalty of perjury and mailed them on October 31, 2013. The Complaints were received by this Court on November 1, 2013 and scanned into the record that day. In 13-0539-CG-C, it is Mr. Fanning's position that on or about May 30, 2013, he was the victim of a sexual assault by Officer Bullard and in 13-0540-CG-C, he alleges that Officer McCaskil applied excessive force, on a date that he did not disclose, by spraying two cans of mace into his segregation cell and punching him in the face and ribs so violently that one of his ribs was broken.[1]

A portion of the information that prisoner plaintiffs are required to include in their complaints is a complete history of the lawsuits filed in state or federal courts dealing with the same or similar facts supporting their current suit or otherwise relating to their imprisonment. Docs. 1, pgs. 2. Mr. Fanning, however, misrepresented his litigation history by informing the Court that he had not filed any such suits. According to the search conducted through PACER (Public Access to Court Electronic Records) and the records of this Court, Mr. Fanning's litigation history includes four other cases filed prior to November 1, 2013. Three were filed in the Northern District of Alabama on October 23, 2012, October 23, 2013 and October 29, 2013. Another was filed in the Southern District of Alabama on October 31, 2013.[2] Plaintiff's failure to provide a complete list of his litigation history is an abuse of process and must be sanctioned. His

---

[1] Fanning lists his current place of confinement as Donaldson Correction Facility (Northern District of Alabama) and states that the acts of the defendants supporting his claims occurred at Holman Prison (Southern District of Alabama).

[2] Two other actions filed in the Southern District of Alabama have been dismissed as malicious. *Fanning v. Graham*, 2014 WL 31792 (S.D. Ala. January 6, 2014) and *Fanning v. Jones*, 2014 WL 31796 (S.D. Ala. Jan. 6, 2014).

attempt to mislead the court with regard to his litigation history is egregious and knowing. In a period of time between October 23, 2012 and November 18, 2013, he filed no less than nine civil rights actions relating to his imprisonment. As previously stated, four of them were filed before November 1, 2013 but he expressly represented in the two captioned actions that he had filed no other lawsuits relating to his imprisonment. As determined by this Court in two of his cases filed in this District, the appropriate sanction is clearly to dismiss, without prejudice, his claims of sexual assault and the use of excessive force.

### III. CONCLUSION

The complaints filed in these two actions constitute an abuse of judicial process and therefore are malicious pursuant to 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B)(i). Once a complaint is found to be malicious, it shall be dismissed when it is coupled with a request to proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B)(i). Therefore, it is recommended that the complaints be **DISMISSED WITHOUT PREJUDICE** prior to service as an appropriate sanction under the circumstances and further, that the motions to proceed without the payment of fees and costs be **DENIED**.

### IV. NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be filed in each of the actions listed in the caption and shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate

review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 11th day of February, 2014.

     s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**